UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DIONNE ROBINSON | CIVIL ACTION NO.: |
| VERSUS | SEC. |
| NEW ORLEANS COLLEGE PREPARATORY ACADEMIES | |
| | MAG. |
| Filed_____ | Clerk_____ |

**COMPLAINT**

Jury Requested

NOW INTO COURT, through undersigned counsel, comes Dionne Robinson ("Ms. Robinson") who respectfully submits:

**JURISDICTION AND VENUE**

I.

This action is brought to remedy discrimination on the basis of disability in the terms,

conditions and privileges of employment in violations of the Family Medical Leave Act, 29 U.S.C. §§2601, *et seq.* ("FMLA"), and violations of the Americans with Disability Act, 42 U.S.C.§§12101, *et seq.* ("ADA").

II.

Damages and other appropriate legal and equitable relief are sought pursuant to the Family Medical Leave Act, 29 U.S.C. §§2601, *et seq.* and the Americans with Disability Act, 42 U.S.C.§§12101, *et seq.*

III.

This Court has jurisdiction of this action under 28 U.S.C. § 1331 and its pendent jurisdiction over state claims.

IV.

As the unlawful employment practices complained of herein occurred within the Eastern District of the State of Louisiana, venue is proper in this district pursuant to 28 U.S.C. § 1391.

**PARTIES**

V.

Made defendant herein is New Orleans College Preparatory Academies ("New Orleans Prep"), upon information and belief a non-profit corporation organized under the laws of the State of Louisiana .

**ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

VI.

In September 2016, Ms. Robinson was hired by defendant.

VII.

At all times relevant hereto, Ms. Robinson was employed by defendant.

VIII.

At all times relevant hereto, defendant employed more than 15 employees.

IX.

On Friday October 13, 2017, Ms. Robinson submitted a request to defendant for leave of absence pursuant to the Family Medical Leave Act and for Short Term Disability.

X.

On October 13, 2017, Ms Robinson's Primary Care Provider, Monique D. Barconey, MPH, MSN, APRN, FNP-C ("Ms. Barconey"), sent a written communication to Amy Budde ("Ms. Budde"), defendant's Director of Human Resources, notifying defendant that Ms. Robinson had been under medical care since October 11, 2017, and that Ms. Robinson was suffering from a serious health condition that made Ms. Robinson unable to perform the essential functions of her job, and that Ms. Robinson was unable to work until further notice.  Ms. Budde acknowledged receiving the notice from Ms. Barconey.  Ms. Budde requested additional information from Ms. Robinson.  Ms. Robinson was a qualified individual with a disability that could have performed her work if defendant had given her the reasonable accommodation of time off.

XI.

On Monday, October 16, Ms. Budde informed Ms. Robinson that Ms. Robinson had "until October 27, 2017, to provide sufficient FMLA certification (15 days after you received the paperwork) ... ."

XII

On October 17, Ms. Budde informed Ms. Robinson that Ms. Robinson had "7 days" from her receipt of Ms. Budde's letter within which to provide additional information.

XIII.

On, or about, October 18, 2017, Ms. Barconey, via facsimile, sent Ms. Budde a completed FMLA Form WH-380-E requesting FMLA leave for Ms. Robinson.

XIV.

On October 19, 2017, Ms. Budde acknowledged receiving the completed FMLA form.

XV.

On October 25, 2017, defendant terminated Ms. Robinson for being absent from work without leave.  Before terminating Ms. Robinson, defendant failed to provide Ms. Robinson with the reasonable accommodation of time off.

XVI.

Defendant objected to Ms. Robinson receiving unemployment benefits.  After an appeal hearing, the Louisiana Workforce Commission Administrative Law Judge ruled that on October 19, 2017, defendant "requested additional clarification which allowed for a 7 day extension, which would have expired on October 26, 2017.  The claimant [Ms. Robinson] was terminated before the extension ran out."

XVII.

Ms. Robinson filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging violations of the FMLA and ADA.  On March 11, 2019, Ms. Robinson was issued a Right to Sue Letter.

**FIRST CLAIM FOR RELIEF**

XVIII.

The allegations of paragraphs I through XVII are incorporated by reference herein.

XIX.

Defendant's failure to grant Ms. Robinson the requisite period of time to provide any additional clarification of her need for FMLA leave was a violation of the FMLA.

XX.

As a direct and proximate result of defendant's FMLA violation, Ms. Robinson has suffered, and continues to suffer, lost income, severe emotional pain, post traumatic stress disorder, mental anguish, depression, loss of enjoyment of life, emotional distress, and physical injury.  She has incurred and continues to incur expenses for medical and psychological treatment and medications.

**SECOND CLAIM FOR RELIEF**

XXI.

The allegations of paragraphs I through XX are incorporated by reference herein.

XXII.

Defendant's failure to grant Ms. Robinson the reasonable accommodation of time off constitutes a violation of the ADA.

XXIII.

As a direct and proximate result of defendant's ADA violation, Ms. Robinson has suffered, and continues to suffer, lost income, severe emotional pain, post traumatic stress disorder, mental anguish, depression, loss of enjoyment of life, emotional distress, and physical

injury.  She has incurred and continues to incur expenses for medical and psychological treatment and medications.

### THIRD CLAIM FOR RELIEF

XXIV.

The allegations of paragraphs I through XXIII are incorporated by reference herein.

XXV.

The above discriminatory and complained of acts of defendant constitute retaliation in violation of the ADA and the FMLA.

XXVI.

As a direct and proximate result of the retaliation, Ms. Robinson has suffered, and continues to suffer, lost income, severe emotional pain, post traumatic stress disorder, mental anguish, depression, loss of enjoyment of life, emotional distress, and physical injury.  She has incurred and continues to incur expenses for medical and psychological treatment and medications.

### PRAYER

**WHEREFORE**, Ms. Robinson prays for judgment against defendant:

a. awarding plaintiff past, present and future lost wages, prejudgment interest, and damages for all employment benefits she would have received but for the discriminatory acts and practices of defendants; and

c. awarding plaintiff compensatory, liquidated and punitive damages; and

d. awarding plaintiff damages for severe emotional distress, post traumatic stress disorder, emotional pain, mental anguish, depression, loss of enjoyment of life;

and

e. awarding plaintiff damages for physical pain and suffering; and

f. awarding plaintiff damages for all past and future medical expenses; and

g. awarding plaintiff damages for all past and future psychiatric treatment expenses; and

h. awarding reasonable attorneys' fees and costs incurred in this action; and

i. legal interest on all the damages prayed for above from the date of judicial demand until paid, and;

j. ordering any other relief this Court deems to be just and appropriate.

## JURY DEMAND

Plaintiff demands a jury to hear and decide all issues of fact.

F.R.C.P. Rule 4(d) Waiver of Service Requested.

Respectfully Submitted,

DANATUS N. KING & ASSOCIATES

/s/ Danatus N. King
Danatus N. King (La. Bar # 20249)
2475 Canal Street, Suite 308
New Orleans, Louisiana 70119
(504) 821-3221 Telephone
(504) 8213131 Facsimile
Attorneys for Dionne Robinson